# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SE-KURE CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 3767 |
| | ) | |
| v. | ) | |
| | ) | |
| VANGUARD PRODUCTS GROUP, INC., | ) | |
| and TELEFONIX, INC., | ) | |
| | ) | Wayne R. Andersen |
| Defendants. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiff Se-Kure's Motion to Stay Litigation [426]. For the reasons set forth below, the motion is granted in part and denied in part. All proceedings in this case are stayed pending an appeal to the Federal Circuit in a related case, with the exception of proceedings related to Defendants' counterclaim of inequitable conduct.

## BACKGROUND

The Court largely adopts the background summary provided by Se-Kure in its Motion to Stay Litigation and Memorandum in Support Thereof. This case involves a patent for an anti-theft device. Only Defendants Vanguard Products Group and Telefonix, Inc. remain in the case. Se-Kure asserts that each of them has willfully infringed – and continues to willfully infringe – U.S. Patent No. RE37,590 ("the '590 patent"), by manufacturing, having made, using, selling or offering for sale retail merchandise security systems employing retractable sensors, and/or by selling components of those systems. Defendants' Second Amended Counterclaim alleges non-infringement, invalidity, inequitable conduct, and an antitrust violation. Se-Kure has asserted the '590 patent against other Defendants in other cases, namely Civil Action No. 06 C 4857 entitled

*Se-Kure Controls, Inc. v. Diam USA, Inc., et al.* ("the *Diam* case") and Civil Action No. 08 C 6075 entitled *Se-Kure Controls, Inc. v. Sennco Solutions Inc., et al.* ("the *Sennco* case"). Telefonix is a defendant in both this case and the *Diam* case.

Just recently, in the *Diam* case, Judge Guzman entered a Memorandum Opinion and Order holding the '590 patent invalid as obvious in view of certain prior art. In the Sennco case, Judge Holderman has stayed proceedings relating to the '590 patent, with two other patents proceeding to trial in that case.

Se-Kure has appealed Judge Guzman's decision in the *Diam* case to the United States Court of Appeals for the Federal Circuit, and is now moving this Court to stay all further proceedings in this case pending the appeal in the Federal Circuit, arguing that nearly all remaining issues in this case will be affected by the Federal Circuit's ruling. Defendants oppose Se-Kure's motion insofar as they wish to proceed solely on their inequitable conduct counterclaim, which they believe would be completely unaffected by the outcome of the appeal in the Federal Circuit.

We note that Defendants filed a motion for summary judgment on the issue of inequitable conduct on January 29, 2007, and that we declined to grant summary judgment because there existed genuine issues of material fact. (Dkt. No. 372) Se-Kure requests that, if the Court denies the motion for a complete stay, then, in lieu of a hearing, the Court grant Se-Kure leave to file its own motion for summary judgment on inequitable conduct - that the patent is not unenforceable for inequitable conduct.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "[I]f there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Id*.

In deciding whether a stay is appropriate, courts consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Pfizer, Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007(N.D. Ill. 2009).

## DISCUSSION

### I. Undue Prejudice and Tactical Disadvantage

Defendants argue that they would be enormously prejudiced if the case were stayed with respect to the inequitable conduct counterclaim. First, Defendants point to the failing health and memory of the sole relevant witness to this counterclaim, patent inventor Roger Leyden, who just turned 76 years old. The second patent inventor, Terry Surma, unexpectedly died on November 22, 2009, which Defendants argue makes any stay of the litigation even more prejudicial to Defendant, as there is now only one remaining witness, with deteriorating health and memory.

Second, Defendants point to the significant delay in obtaining their desired remedy. If Defendants' inequitable conduct counterclaim is successful, they could be entitled to reasonable

attorney fees for the entire litigation.  Se-Kure mentions in its memorandum that the appeal in the Federal Circuit should be fully briefed and ready for oral argument within approximately 7 to 10 months.  Defendants assert that the Federal Circuit will not decide the obviousness issue for at least one and a half to two years, and highlight the fact that Se-Kure's attorneys have indicated an intention to petition the Supreme Court if warranted.  Moreover, Defendants argue that even if this Court were to find inequitable conduct, Se-Kure would likely appeal that decision, which would result in *another* two year delay before Defendants could hope to receive any remedy.

Se-Kure argues that there is neither prejudice nor tactical disadvantage to Defendants in staying the case.  Se-Kure points to the fact that the testimony of the inventors has been preserved through taped depositions, and since memories tend to fade rather than improve over time, it is unlikely that Defendants would elicit any evidence at a hearing that they did not already elicit at the depositions.  Furthermore, the parties have been in "stay" mode over the last year, awaiting Judge Guzman's decision, and Defendants made no attempt to move their counterclaims forward while the case was stayed.  Nor have Defendants sought a hearing on inequitable conduct in over seven years of litigation, which, according to Se-Kure, undermines their claims of urgency and purported prejudice.

The Court finds that the likely prejudice to Defendants' ability to support their counterclaim and opportunity to obtain a remedy weighs against staying the entire litigation.  It is true that witness testimony has been preserved via video, but as Plaintiff points out, live testimony is generally preferred over deposition testimony.  It is also unfair to unnecessarily delay Defendants' opportunity to seek a remedy for purportedly being "dragged" through litigation for seven years now by another two to four years.  As stated above, "if there is even a

fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 254. Defendants assert that Se-Kure has not made such a case of hardship or inequity, and we agree. Se-Kure argues that the Federal Circuit's decision might affect how this Court views the materiality of the prior art references at issue (an element of the inequitable conduct claim), and that a definitive ruling might encourage Defendants to settle remaining claims. Neither one of these arguments is convincing. Se-Kure's position on the materiality issue is unsupported (as discussed in more detail below), and a failure to achieve favorable settlement conditions does not amount to hardship or inequity.

## II.    Simplifying Issues and Streamlining Trial

Se-Kure argues that the Federal Circuit's ruling will affect this Court's decision on Defendant's counterclaim of inequitable conduct - namely, whether the prior art reference was material. In its reply brief, Se-Kure explains the following: "While the question of whether the '805 patent is material does *not* depend on the outcome of the pending appeal, the question of exactly *how* material the '805 patent may be *does* depend on the outcome of the pending appeal." Se-Kure goes on to say, "The Federal Circuit's ruling may not be binding on the issue of inequitable conduct, but it will certainly be informative."

Defendants argue that a stay would not simplify issues or streamline trial in any way. According to Defendants, "[t]he issues of inequitable conduct (this case) and patent validity (the case on appeal) are separate and distinct and have no factual or legal commonality." They say that regardless of the outcome of the appeal, the issue of inequitable conduct will not change at all. Moreover, Defendants assert that "[e]ven if the case on appeal is reversed, most of the

5

inequitable conduct portion of the trial will be conducted outside the presence of the jury, so the trial will likely be more complicated if the inequitable conduct portion is stayed."

The Court finds that this factor also weighs against staying the entire litigation. "The simple fact is that a patent may be valid and yet be rendered unenforceable for misuse or inequitable conduct . . . . Thus, the conduct-of-the-applicant-in-the-PTO issue raised in the nonjury trial and the separated infringement/validity issues are distinct and without commonality either as claims or in relation to the underlying fact issues." *Afga Corp. v. Creo Products Inc., et al.*, 451. F.3d 1366, 1372 (Fed. Cir. 2006) (quoting *Gardco Mfg., Inc. V. Herst Lighting Co.*, 820 F.2d 1209, 1213 (Fed. Cir. 1987)). The Federal Circuit has clearly held that the issues of inequitable conduct and validity are distinct, each of which requires its own separate analysis. Regardless of the outcome of the appeal, this Court would need to make an independent determination of inequitable conduct. While the Federal Circuit's decision has the potential to be "informative," as Se-Kure points out, this would not lead to significant simplification and streamlining of the trial with respect to the inequitable conduct counterclaim.

### III. Burden of Litigation on Parties and Court

Se-Kure asserts that if the case moves forward, the Court will need to (1) entertain a Markman construction, (2) address which of Defendants' claims are being withdrawn and which are not, (3) address whether Defendants are withdrawing their expert witness, and (4) prepare for and conduct a hearing on inequitable conduct.

As Defendants noted in their opposition to Se-Kure's motion, a determination of the issue of inequitable conduct does not require that the claims be interpreted. The only issue is whether

6

the inventors intentionally withheld material prior art. *Baxter Int'l, Inc. v. McGraw, Inc.*, 149 F.3d 1321, 1334 (Fed. Cir. 1998). As such, no Markman hearing will be necessary at this time.

With respect to the question of the status of Defendants' "antitrust" counterclaim, Se-Kure points out that it is unclear whether that counterclaim is being withdrawn or simply stayed until a later date. Defendants opposition to Se-Kure's motion to stay the entire case clearly states that they oppose the motion only with respect to their counterclaim of inequitable conduct, *not* antitrust. Therefore, the antitrust counterclaim, along with the rest of the case, would be stayed pending the appeal to the Federal Circuit. Whether Defendants choose to withdraw that counterclaim at some point in the future is currently irrelevant, and this Court need not address the antitrust counterclaim in any further detail at this time.

As to the third issue raised by Se-Kure, Defendants' plan regarding their expert witness, there is nothing to address. Defendants state that they do *not* intend to bring their patent expert to trial on the issue of inequitable conduct. Therefore, no additional discovery would be necessary on this issue.

Defendants state that the inequitable conduct hearing would involve only one witness (the sole surviving inventor, Roger Leyden) and twenty documents, and last one day. This does not amount to a significant burden on the Court or the parties.

Accordingly, the Court finds that this third factor also weighs against a stay of the entire litigation, and supports the notion that the case should proceed with respect to the single issue of inequitable conduct.

**IV.     Se-Kure's Request for Leave to File Motion for Summary Judgment**

Se-Kure asked that, if the Court denied its motion for a complete stay, Se-Kure be given leave to file its own motion for summary judgment on the issue of inequitable conduct. As mentioned above, Defendants filed a motion for summary judgment on the issue of inequitable conduct on January 29, 2007, and we declined to grant summary judgment because there existed genuine issues of material fact. (Dkt. No. 372) The disputed facts included, among other things, (1) whether Se-Kure's agents knew or should have known that certain prior art discovered by Se-Kure during the patent application process was material to that pending patent application, and (2) whether Se-Kure and its agents had the intent to mislead the USPTO during the patent application process. Given that the Court has already determined that material issues of fact exist which preclude summary judgment, we do not believe that a second round of briefs involving the same material facts would be any more productive. In the interest of preserving both the Courts' and the parties' resources, it would be most efficient to proceed directly to a one-day hearing on the issue of inequitable conduct.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Stay Litigation [426] is granted in part and denied in part. A stay is granted for all proceedings in this case, with the exception of Defendants' counterclaim of inequitable conduct, which may proceed. Se-Kure's alternative request for leave to file a motion for summary judgment on the issue of inequitable conduct is

denied. A status hearing is set for Thursday, January 7, 2010 at 9:00 a.m., at which time we will set a date for the inequitable conduct hearing.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: December 18, 2009