# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SE-KURE CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 3767 |
| | ) | |
| VANGUARD PRODUCTS GROUP, | ) | Judge Ruben Castillo |
| INC., and TELEFONIX, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 3, 2010, after multiple proceedings before now-retired Judge Anderson, this Court entered judgment in favor of Vanguard Products Group, Inc., and Telefonix, Inc., ("Defendants") and against Se-Kure Controls, Inc., ("Plaintiff") on Plaintiff's claims and Defendants' counterclaims in a patent infringement action and dismissed the case with prejudice. (R. 481, Entry J.) This judgment was affirmed by the Federal Circuit on November 21, 2011. *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 438 Fed.Appx. 902, 903 (Fed. Cir. 2011). Presently before the Court is Defendants' petition for costs. (R. 484, Defs.' Am. Pet. for Costs.) Defendants seek $38,693.77[1] in costs and expert witness fees pursuant to Federal Rules of Civil Procedure 54(d) and 26(b)(4)(E). (*Id.*) Plaintiff filed objections to Defendants' costs and included a request for its own expert witness fees pursuant to Rule 26(b)(4)(E). (R. 488, Pl.'s

---

[1] Although Defendants state that they seek $38,667.34 in costs, (R. 484, Defs.' Am. Pet. for Costs at 2), Defendants have actually identified a total of $38,693.77 in costs in their amended petition for costs ($13,680.00 in expert witness fees, $16,355.30 in deposition transcript costs, $782.04 in court transcript costs, $5,501.43 in copying costs (as calculated by the invoices actually provided), and $2,375.00 in exemplification costs).

Objs.)  For the reasons set forth below, the Court awards costs and expert witness fees to

Defendants, but reduces Defendants' requested costs by $6,220.95.  The Court also grants

Plaintiff's request for expert witness fees pursuant to Rule 26(b)(4)(E) and awards Plaintiff

$14,042.49 in expert witness fees, to be credited against Defendants' total costs.  Defendants are

therefore awarded a total of $18,430.33.

## ANALYSIS

**I.       Federal Rule of Civil Procedure 54(d)**

Under the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should

be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  A "district court may not tax costs

under Rule 54(d)[, however,] unless a federal statute authorizes an award of those costs."

*Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007) (citing

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987)).  The list of recoverable

costs authorized under 28 U.S.C. § 1920 include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use
> in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where
> the copies are necessarily obtained for use in the case;
> (5) Docket fees . . . ; [and]
> (6) Compensation of court appointed experts, compensation of interpreters, and
> salaries, fees, expenses, and costs of special interpretation services . . ..

28 U.S.C. § 1920.  Even if authorized by statute, however, "a cost must be both reasonable and

necessary to the litigation for a prevailing party to recover it."  *Little v. Mitsubishi Motors N.*

*Am.*, 514 F.3d 699, 702 (7th Cir. 2008).  In short, the determination of whether to tax costs

against the losing party requires two inquiries: "(1) whether the cost imposed on the losing party

2

is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). Although there is a strong presumption that the prevailing party will recover costs, *Park v. City of Chi.*, 297 F.3d 606, 617 (7th Cir. 2002), the "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009); *Telular Corp. v. Mentor Graphics Corp.*, No. 01-431, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006) ("The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used."). Once the prevailing party demonstrates that the particular items of costs should be allowed, the losing party then bears the burden of affirmatively showing that the taxed costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Ultimately, the decision whether to award costs rests within the discretion of the Court. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

On December 3, 2010, the Court entered judgment in favor of Defendants after finding United States Patent No. Re 37,590, which Defendants were accused of infringing, invalid. (R. 480, Min. Entry.) Therefore, Defendants are the prevailing party and are entitled to recover all allowable costs pursuant to Rule 54(d).

## II. Untimeliness

At the outset, Plaintiff argues that Defendants' amended petition for costs should be dismissed in its entirety as untimely. (R. 488, Pl.'s Objs. at 1-3.) Under Local Rule 54.1(a), a prevailing party must file a bill of costs with the Court "[w]ithin 30 days of the entry of a

judgment allowing costs." N.D. Ill. L.R. 54.1(a).  Judgment was entered in favor of Defendants

on December 3, 2010.  (R. 480, Min. Entry.)  Defendants filed their original petition for costs

eleven days thereafter, on December 14, 2010, seeking a total of $39,892.57 in costs.  (R. 482,

Defs.' Pet. for Costs at 1; R. 480, Min. Entry.)  Plaintiff filed objections to the original petition

for costs, (R. 483, Pl.'s Initial Objs.), and shortly thereafter, on December 31, 2010, Defendants

filed the amended petition for costs presently before the Court.  (R. 484, Defs.' Am. Pet. for

Costs at 1.)  Plaintiff concedes that this amended petition is "technically within the 30-day period

allowed by the Local Rules," but nevertheless argues that it should be considered untimely

because the Defendants have added entirely new costs—namely, expert witness fees—that were

not included in the original petition for costs.  (R. 488, Pl.'s Objs. at 2.)

The Court disagrees.  Plaintiff has not provided, and the Court has not found, any case

law to support Plaintiff's theory that an amended petition for costs should be dismissed as

untimely because it includes new costs not found in the prevailing party's original petition for

costs, even though the amended petition was filed within 30 days of entry of judgment.  In

general, it is within the discretion of the Court to allow revisions to a petition for costs, timely or

otherwise.  *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001) (district

court did not abuse its discretion in granting prevailing party's amended bill of costs that was

filed after the deadline); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533-34 (7th Cir. 1995)

(district court did not abuse its discretion by allowing prevailing party "to revise their request

downward and add supporting material"); *see also M.T. Bonk Co.*, 945 F.2d at 1409-10 (district

court did not err in allowing prevailing party to supplement its bill of costs).  Here, there is no

issue of timeliness: both Defendants' original petition and amended petition for costs were filed

within the 30-day time limit imposed by Local Rule 54.1(a). The fact that Defendants added entirely new costs to their amended petition is of no consequence since Plaintiff has had the opportunity to properly challenge the new costs on the merits (and in a timely fashion), and the Court can now, in turn, fully address the merits of each side's arguments. Rules regarding procedural time limits exist to prevent one party from getting blind-sided and left unable to properly address issues raised by the opposing side. No such unfair prejudice to Plaintiff exists here. Thus, Defendants' amended petition for costs, which was filed within the 30-day time limit imposed by Local Rule 54.1(a), is timely. *See Shanklin Corp. v. Am. Packaging Mach., Inc.*, No. 95-1617, 2006 WL 2054382, at *1 n.1 (N.D. Ill. July 18, 2006) (treating original petition for costs as moot in light of amended petition for costs submitted within the 30-day time period).

## III.    Court Transcripts

Defendants request $782.04 in costs for court transcripts pursuant to 28 U.S.C. § 1920(2). (R. 484, Defs.' Am. Pet. for Costs at 4.) A prevailing party may recover costs for court transcripts "necessarily obtained for use in the case." 18 U.S.C. § 1920(2). "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Shanklin Corp.*, 2006 WL 2054382, at *2 (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). According to Defendants, they "only ordered the court transcripts when it was necessary to refer to in writing briefs for the Court." (R. 484, Defs.' Am. Pet. for Costs at 4.) In support, Defendants have included four invoices for costs associated with transcripts of court hearings for the following dates: August 6, 2002, September 30, 2005, October 3, 2007, February 27, 2008, and April 3, 2008. (R. 484-1, Defs.' Ex. C at 2-5.) As an initial matter, Plaintiff correctly objects that these invoices only add up to $368.04. (R. 488, Pl.'s

Objs. at 4-5.) Additionally, under Local Rule 54.1(b),"the costs of the transcript . . . shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed[.]" N.D. Ill. L.R. 54.1(b). The Court reviews each invoice in turn.

Defendants requested first copies of a daily transcript of the August 6, 2002 hearing transcript at a rate of $1.10 per page, for a total of $22.00. (R. 484-1, Defs.' Ex. C at 2.) In 2002, the rate established by the Judicial Conference for an original ordinary transcript was $3.00 and $0.75 for a copy, whereas the rate for an original daily transcript was $5.00 and $1.00 for a first copy of a daily transcript. *Cengr v. Fusibon Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998); *Newsome v. McCabe*, No. 96-7680, 2002 WL 1008472, at *12 (N.D.Ill. May 17, 2002) (citing VI Judicial Conference of the United States, Guide to Judiciary Policies & Procedures, Court Reporters Manual, ch. 20, pt. 20.3 (1998)). Additionally, "[p]arties cannot recover the added cost of expedited transcripts unless they can show that it was reasonable and necessary to order transcripts on an expedited basis." *Neuros Co., Ltd. v. Kturbo, Inc.*, No. 08-5939, 2011 WL 3841683, at *2 (N.D.Ill. Aug. 25, 2011). Here, Defendants have not provided any explanation as to why they obtained a copy of a daily transcript, so they may only recover costs at the ordinary transcript rates. Additionally, although Defendants seek costs for copies of the August 6, 2002 hearing transcript, rather than for an original transcript, under Local Rule 54.1, they are nevertheless entitled to recover the full charge of $1.10, because it does not exceed the highest maximum rate of $3.00 for an original ordinary transcript. *See Capeheart v. Hahs*, No. 08-1423, 2011 WL 1837817, at *1 (N.D.Ill. May 12, 2011) (citing *Fletcher v. Chi. Rail Link, LLC*, No. 06-842, 2007 WL 4557816, at *1 (N.D.Ill. Dec. 20, 2007)); *Gallagher v. Gallagher*,

6

No. 07-4196, 2010 WL 2610192, at *2 (N.D. Ill. June 24, 2010). Accordingly, the Court allows Defendants to recover the full $22.00.

Defendants also requested an original of a daily transcript of the September 30, 2005 hearing at a rate of $5.50 per page, for a total of $253.00, and first copies of an expedited transcript of the October 3, 2007 and February 27, 2008 hearing transcripts at a rate of $.90 per page, for a total of $11.70.[2] (R. 484-1, Defs.' Ex. C at 3-4.) Between February 28, 2003, and November 1, 2007, parties could recover $3.30 per page for an ordinary transcript, $4.40 per page for an expedited transcript, and $0.83 per page for first copies of each, as well as $5.50 per page for a daily transcript, and $1.10 per page for a first copy of a daily transcript. *Fairley v. Andrews*, No. 03-5207, 2008 WL 961592, at *5 (N.D.Ill. Apr. 8, 2008); *Angevine v. WaterSaver Faucet Co.*, No. 02-8114, 2003 WL 23019165, at *3 (N.D.Ill. Dec. 23, 2003) (citing General Order, United States District Court, Northern District of Illinois, Feb. 28, 2003); *Black and Decker v. Bosch Tools*, No. 04-7955, 2006 WL 3883921, at *2 (N.D.Ill. Nov. 20, 2006). Again, to recover the added costs of expedited transcripts, a party must "show that it was reasonable and necessary to order transcripts on an expedited basis." *Neuros Co., Ltd.*, 2011 WL 3841683, at *2. Because Defendants offer no justification for expedited service for either the September 30, 2005 or October 3, 2007 transcripts, they may only recover costs at the ordinary transcript rate, which was $3.30. *See Shanklin Corp.*, 2006 WL 2054382, at * 3. Thus, Defendants may recover a total of $151.80 for the September 30, 2005 transcript (46 pages at a rate of $3.30 per page).

---

[2] Defendants submitted an invoice for $11.70 for costs associated with both the October 3, 2007 and February 27, 2008 hearing transcripts. Because the invoice is unclear about the number of pages to allocate to each transcript, the Court treats the entire invoice as a request for the costs associated with the October 3, 2007 hearing transcript.

Additionally, although Defendants seek costs for copies of the October 3, 2007 hearing transcript, rather than for an original transcript, under Local Rule 54.1, they may nevertheless recover up to the full charge of $0.90, because it does not exceed the highest maximum rate established by the Judicial Conference for an original ordinary transcript. *Capeheart*, 2011 WL 1837817, at *1. Accordingly, the Court allows Defendants to recover $11.70 for the October 3, 2007 hearing transcript (13 pages at a rate of $0.90 per page).

Finally, Defendants also requested first copies of an ordinary transcript of the April 3, 2008 hearing transcript at a rate of $0.83 per page, for a total of $81.34. (R. 484-1, Defs.' Ex. C at 5.) After November 1, 2007, parties could recover up to $3.65 per page for ordinary transcripts and $0.90 per page for a first copy. *Brown v. Cnty. of Cook*, No. 06-617, 2011 WL 4007333, at *2 (N.D.Ill. Sep. 8, 2011); *Nat'l Prod. Workers Union Ins. Trust v. Life Ins. Co. of N. Am.*, No. 05-5415, 2010 WL 2900325, at *3 (N.D. Ill. July 21, 2010). Accordingly, the Court grants Defendants the full $81.34 requested (98 pages at a rate of $0.83 per page).

In sum, the Court reduces Defendants' request by $515.20 and allows Defendants to recover a total of $266.84 in transcript costs.

## IV. Deposition Transcripts

Defendants' original petition for costs requested $31,240.53 in costs for deposition transcripts pursuant to 28 U.S.C. § 1920(2). (R. 482, Defs.' Pet. for Costs at 2.) In response, Plaintiff raised several objections to Defendants' claimed costs, including objections to charges that are not recoverable such as "condensed" and ASCII transcripts, rates that exceeded the maximum rates established by the Judicial Conference and the allowable limit under Local Rule 54.1(b), and a deposition that was not "reasonably necessary" to the case. (R. 483, Pl.'s Objs. at

2-4.) Plaintiff also submitted a detailed chart demonstrating that Defendants should only recover $16,355.30 in deposition transcript costs. (R. 483, Pl.'s Objs. at 2-4; R. 483-1, Pl.'s Ex. A at 2.) In their amended petition for costs, Defendants adopted this amount, (R. 484, Defs.' Am. Pet. for Costs at 4), and Plaintiff did not submit additional objections. (R. 488, Pl.'s Objs.) Upon review, the Court finds that the costs submitted, as revised by Plaintiff and adopted by Defendants, are recoverable and awards Defendants $16,355.30 in deposition transcript costs.

## V.     Copying Costs

Defendants also seek $5,501.43 in copying costs pursuant to 28 U.S.C. § 1920(4).[3] (Defs.' Am. Pet. for Costs at 4-5.) A prevailing party may recover costs for copies of materials that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This includes costs for copies related to discovery and copies of pleadings, motions, and memoranda submitted to the court, but it does not include copies made solely for the convenience of counsel. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990); *Swan Lake Holdings, LLC v. Yamaha Golf Car Co.*, No. 09-228, 2011 WL 1869389, at *3 (N.D. Ind. May 13, 2011). A prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess and Surplus Ins., Inc. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Instead, a prevailing party need only "provide the best breakdown obtainable from retained records." *Id.* Where a party fails to substantiate all of the costs it claims were necessary and reasonable, the Court will "reduce the costs to the level supported by [the party's] proof—even if that is zero."

---

[3] Although Defendants state that they seek $5,495.00 in costs, the invoices they have submitted in support total $5,501.43. The Court relies on the latter amount in calculating the amount Defendants may be awarded.

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 969 (N.D. Ill. 2010).

Plaintiff argues that Defendants should not be allowed to recover any of their copying costs because they have provided insufficient evidence to demonstrate that these costs are properly recoverable. (R. 488, Pl.'s Objs. at 5.) Defendants, for their part, have submitted various invoices for photocopying that was outsourced during the course of litigation. (R. 484-2, Defs.' Ex. D at 6-22.) While the invoices provide the dates, number of sets created, quantity of pages copied, and rates charged per copy, none of the invoices describe the nature of the documents copied, or the purpose of the copies. *See Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*, 149 F. Supp. 2d 394, 397 (N.D. Ill. 2001) (denying copying costs due to lack of information regarding "the purpose of the copies, whether multiple copies were made of the same document or what documents were copied"). Without more information, it is difficult for the Court to discern whether Defendants seek reimbursement for copies that were necessarily incurred for the litigation or made solely for the convenience of counsel. *See Brown*, 2011 WL 4007333, at *4 ("Simply pointing the Court to an exhibit containing numerous invoices is not sufficient documentation of costs and does not provide the Court with the information necessary to determine whether the costs were necessary or were made for the sake of convenience.").

Defendants attempt to overcome this deficiency by stating that most of the copy costs they have submitted for reimbursement "occurred during the preparation of the taking and defending of depositions." (R. 484, Defs.' Am. Pet. for Costs at 5.) They also argue that the total amount they are seeking in copying costs is reasonable for several reasons. First, Defendants assert that they are only seeking copying costs for photocopies that they outsourced and not the countless copies Defendants' counsel made in-house. (*Id.* at 4-5.) Second,

Defendants assert that it would have been "nearly impossible" to properly identify and attribute all of the photocopying they produced in light of what Defendants claim were the more than 100,000 pages of documents produced by the parties, over 30 depositions taken, and more than 500 deposition exhibits marked and used. (*Id.* at 5.) Finally, Defendants reason that these costs are reasonable in general because of the size and length of this case, which lasted almost eight years. (*Id.*)

Plaintiff argues that Defendants' assertions are still not enough to allow recovery for these costs. Specifically, Plaintiff argues that Defendants' claim that "most" of the copying costs were related to depositions is highly suspect since some dates on Defendants' invoices do not entirely line up with dates of the depositions in this case, as documented by Plaintiff. (R. 488, Pl.'s Objs. at 5-6.) For instance, Plaintiff points out that the last deposition Defendants conducted occurred on February 22, 2007, yet many of the invoices Defendants submitted are dated after that date. (*Id.* at 6; R. 488-1, Pl.'s Ex. C. at 16.) According to Plaintiff, considering that it conducted the remaining depositions, it is unclear why Defendants would need to make copies for depositions Plaintiff was taking. (R. 488, Pl.'s Objs. at 6.) Moreover, Plaintiff points out that in light of the related litigation involving Plaintiff that was simultaneously being handled by Defendants' counsel in a separate case, it is "impossible" to discern whether invoices that are simply marked "Se-Kure" relate to the instant case or the related case. (*Id.*)

Plaintiff's objections have merit. In light of these objections and the supporting evidence, Plaintiff has met its burden of affirmatively showing that Defendants are not entitled to all of the costs they seek. *M.T. Bonk*, 945 F.2d at 1409. Accordingly, the Court will deduct from Defendants' costs the 10 invoices dated after the last deposition Defendants conducted, which

together total $3,330.75. (See R. 484-2, Defs.' Ex. D at 7-12, 17-15.) The remaining five invoices are clearly marked as relating to the *SeKure v. Vanguard* matter, and total $2,170.68. (*Id.* at 13-16, 22.)

Based on the information Defendants have proffered, however, the Court cannot verify with absolute certainty that these remaining costs were necessary for the litigation and not simply for the convenience of counsel. Yet, more certainty has inhered by deducting some of the invoices that Plaintiff has validly objected to. The Court remains mindful of Defendants' assertions in support of its costs regarding the difficulty of keeping track of all copying costs in a case of this size, *Northbrook*, 924 F.2d at 643, and recognizes that Defendants "inevitably incurred compensable copying costs as a result of this document-intensive litigation." *Trading Techs.*, 750 F. Supp. 2d at 980; *see also Carpenter v. Ford Motor Co.*, No. 90-5822, 1993 WL 34831, at *3 (N.D. Ill. Feb. 11, 1993) ("Although we find Ford's request to be lacking in specificity, we recognize that within Ford's request there undoubtedly exist charges for copies that were necessarily for use in the case."). Although the Seventh Circuit has previously affirmed a district court's award for copying costs in full that lacked much substantiation, courts in this district faced with this very dilemma, have more typically either reduced copying costs by a percentage or denied copying costs altogether. *See Northbrook*, 924 F.2d at 643 (affirming $50,930.45 in copying costs based on documentation that only established the copies were made for the case in general)*; Trading Techs.*, 750 F. Supp. 2d at 980 (75 percent reduction); *Brown*, 2011 WL 4007333, at *4 (50 percent reduction); *Leggett*, 149 F. Supp. 2d at 397 (denied in full); *Telular*, 2006 WL 1722375, at *5 (same). In light of the roughly 60% reduction already imposed on Defendants' requested copying costs based on Plaintiff's objections, Defendants' assertions as

12

to the use of the copies in this case, and the fraction of the total copying costs requested compared to other similar cases in this district, the Court, in the exercise of its discretion, grants Defendants the remaining $2,170.68 in copying costs in full. *See Great Lakes Dredge & Dock Co. v. Commercial Union Assurance Co.*, No. 94-2579, 2000 WL 1898533, at *2 (N.D. Ill. Sept. 18, 2000) (granting over $60,000 in copying costs as reasonable despite the lack of detailed descriptions and considering the six years of document-driven litigation); *Movitz v. First Nat'l Bank of Chi.*, 982 F. Supp. 571, 577 (N.D. Ill. 1997) (granting over $55,000 in copying costs as reasonable based on counsel's verification that the costs requested only included copies necessary for the case); *Halasa v. ITT Educ. Servs., Inc.*, No. 10-437, 2012 WL 639520, at *4 (S.D. Ind. Feb. 27, 2012) (granting request for over $5,000 in copying costs based on affidavit as to best records available with minimal identifying information for charges that did not strike the court as extraordinary given the nature of the case).

## VI.  Exemplifications

Defendants also request $2,375.00 in costs for a single exemplification they acquired to use in a hearing pertaining to their inequitable conduct counterclaim against Plaintiff. (R. 484, Defs.' Am. Pet. for Costs at 5.) In order to recover this cost, Defendants must demonstrate that the exemplification was "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). This requires that an exemplification be "an essential aid to understanding an issue in the case." *Glenayre Elecs., Inc. v. Jackson*, No. 02-256, 2003 WL 21947112, at *4 (N.D. Ill. Aug. 11, 2003) (quoting *Rogers v. City of Chi.*, No. 00-2227, 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002)). That said, "demonstrative materials that merely illustrate expert testimony, other evidence or argumentative matters are not taxable."

*In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94-897, 1999 WL 759472, at *7 (N.D. Ill. Sept. 1, 1999) (citations omitted).

Defendants argue that the exemplification was necessary to aid the Court in understanding the evidence presented in the inequitable conduct hearing held in front of Judge Anderson. (R. 484, Defs.' Am. Pet. for Costs at 5.) Plaintiff, however, argues that the exemplification did just the opposite by creating confusion and requiring briefing by both sides to clarify the information contained in the exemplification. (R. 488, Pl.'s Objs. at 7.) Indeed, in his opinion on the inequitable conduct claim, Judge Anderson noted that the exemplification somewhat mischaracterized some of the facts and evidence in the case. *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, No. 02-3767, 2010 WL 2266357, at *6 (N.D. Ill. June 4, 2010). After reviewing the exemplification at issue, the Court notes that almost half of the exemplification consists of text from testimony and exhibits that was simply blown up. (R. 453-2, Defs.' Demonstrative Ex.) The other half consists of figures that were at the center of the controversy regarding Defendants' mischaracterization of evidence from the case. (*Id.*) Thus, because the exemplification did not aid the Court in deciding relevant issues and merely illustrated testimony and other evidence that did not require any enhancement or enlargement to be properly ascertained, the Court concludes that the costs associated with the exemplification are not recoverable. *See Leggett*, 149 F. Supp. 2d at 398 (denying exemplification costs where exhibits aided little in Court's understanding of the issues and could have easily been presented through less expensive means). Accordingly, the Court deducts $2,735.00 from Defendants' bill of costs.

## VII.    Expert witness fees

## A.    Recovery of expert witness fees under Rule 26(b)(4)(E)

Defendants' amended petition for costs also seeks reimbursement for costs associated with the depositions of three of their expert witnesses. (R. 484, Defs.' Am. Pet. for Costs at 3-4.) Defendants argue that these costs, which were incurred pursuant to Rule 26(b)(4)(E), are a recoverable cost under Rule 54(d).[4]  (*Id.*) Rule 26(b)(4) authorizes the deposition of experts, and Rule 26(b)(4)(E) specifically instructs that "[u]nless manifest injustice would result, the court *must* require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery," including time spent sitting for a deposition conducted by the party seeking discovery. Fed. R. Civ. P. 26(b)(4)(E)(i) (emphasis added).  Plaintiff, on the other hand, contests Defendants' request for expert witness fees and counters that the recovery of expert witness fees is not limited to prevailing parties in an action because Rule 26(b)(4)(E) functions independently of Rule 54(d). (R. 488, Pl.'s Objs. at 3-4.)  Thus, Plaintiff argues, it should be entitled to a credit for its *own* expert witness fees that are recoverable under Rule 26(b)(4)(E) to offset the costs Defendants are seeking. (*Id.* at 4.)

The Court agrees with Plaintiff's reasoning. Both Plaintiff and Defendants rely on *Chambers v. Ingram*, 858 F.2d 351, 360-61 (7th Cir. 1988), in support of their requests for recovery of expert witness fees. In *Chambers*, the prevailing plaintiff in a Section 1983 suit

---

[4]  Both Plaintiff and Defendants have cited to Rule 26(b)(4)(C) in their briefs to support their requests for expert witness fees. On December 1, 2010, the Federal Rules Advisory Committee issued amendments that included changes to Rule 26 as a whole. These changes resulted in a renumbering of Rule 26(b)(4)(C) to Rule 26(b)(4)(E); however, no substantive changes to the language contained in former Rule 26(b)(4)(C) were made. *See* Fed. R. Civ. P. 26, advisory committee's notes to 2010 Amendments. Similarly, a stylistic change was made to former Rule 26(b)(4)(C) in amendments issued on December 1, 2007; the change—editing "shall require" to "must require"—should have no substantive effect on the way courts have interpreted former Rule 26(b)(4)(C) up until now.

petitioned the district court for, among other taxable costs, $3,000 in expert witness fees. *Id.* at 354. The district court granted those costs and the defendant appealed. *Id.* at 360. On appeal, the plaintiff conceded that he could not obtain reimbursement for his expert witness fees under Rule 54(d). *Id.* (citing *Crawford*, 482 U.S. at 445 (a prevailing party seeking reimbursement under Rule 54(d) for fees paid to its own expert witnesses may not seek fees in excess of the limit set by 28 U.S.C. § 1821, "absent contract or explicit statutory authority to the contrary")). But, the plaintiff argued, he should nevertheless be allowed to recover some of the fees under Rule 26(b)(4)(E). *Id.* The defendant responded that it was too late to recover any of those fees at that time, post-judgment, because the plaintiff had failed to request such costs at the time the expert's deposition was taken. *Id.* The Seventh Circuit rejected the defendant's argument and ruled that the timing of the plaintiff's request did not bar him from recovering expert witness fees pursuant to Rule 26(b)(4)(E). *Id.* at 361; *see also* Fed. R. Civ. P. 26(b)(4)(E) advisory committee's notes to 1970 Amendments ("The court may issue [an order to pay fees] as a condition of discovery, or it may delay the order until after discovery is completed.").

Unlike the losing party in *Chambers*, however, Plaintiff, the losing party in the instant case, does not challenge the prevailing Defendants' request for its expert witness fees as untimely; rather, Plaintiff argues that it, too, is entitled to recover its own expert witness fees *irrespective* of the fact that it is not the prevailing party in this case. Although *Chambers* does not provide direct authority for this proposition, the Seventh Circuit did not explicitly state that *only* a prevailing party may recover expert witness fees post-judgment under Rule 26(b)(4)(E). Because the Seventh Circuit only had before it a petition for such costs from the prevailing party and not from the losing party, it had no occasion to rule on whether a losing party can also

petition for the same Rule 26(b)(4)(E) costs that the prevailing party was seeking in *Chambers*. Nevertheless, the fact that the Seventh Circuit in *Chambers* analyzed the recoverability of the prevailing party's expert witness fees under the rubric of Rule 26(b)(4)(E) and not under Rule 54(d) strongly suggests that the recovery of a party's own expert witnesses' fees under Rule 26(b)(4)(E) is independent of any limitations set forth in Rule 54(d), including the condition that a party seeking reimbursement for costs be the prevailing party in a case. *See id.* at 360-61 (citing Fed. R. Civ. P. 26(b)(4)(E) advisory committee's notes to 1970 Amendments; *Nichols v. Laymon*, 506 F. Supp. 267, 274 (N.D. Ill. 1980) (granting plaintiff's motion to recover expert witness fees under Rule 26(b)(4)(E) where district court ordered that expert's deposition be taken); 8 Wright & Miller, Federal Practice and Procedure § 2034 (1970 & Supp. 1987) (discussing Rule 26(b)(4)(E) expert witness fees)).

An ample number of district court cases within the Seventh Circuit also support the conclusion that a party's recovery of its own expert witness fees under Rule 26(b)(4)(E) is independent of Rule 54(d). *See, e.g.*, *Barnett v. City of Chi.*, No. 92-1683, 1999 WL 138813, at *10 (N.D. Ill. Mar. 5, 1999) (allowing award of fees to prevailing party pursuant to Rule 26(b)(4)(E) for time spent by its expert attending depositions, and in excess of the $40 per day limit set by 28 U.S.C. § 1821(b) and recoverable under Rule 54(d)); *Halasa*, 2012 WL 639520, at *2 (same); *Askew v. City of Chi.*, No. 04-3863, 2006 WL 1005167, at *4 (N.D. Ill. Apr. 12, 2006) (same); *Ulatowski v. John Sterling Corp.*, No. 03-8847, 2005 WL 643349, at *3 (N.D. Ill. Mar. 16, 2005) (same); *Fait v. Hummel*, No. 01-2771, 2002 WL 31433424, at *3 (N.D. Ill. Oct. 30, 2002) (same); *Great Lakes*, 2000 WL 1898533, at *3 (same); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, No. 01-6934, 2002 WL 31207212, at *3 (N.D. Ill. Oct. 2, 2002) (same);

*McClain v. Owens-Corning Fiberglass Corp.*, No. 89-6226, 1996 WL 650524, at *2 (N.D. Ill. Nov. 7, 1996) (same); *Mendenhall v. Barber Greene Co.*, No. 80-6747, 1991 WL 18189, at *1 (N.D. Ill. Feb. 7, 1991) (same); *Cf. Native Am. Arts, Inc. v. Indio Products, Inc.*, No. 06-4690, 2012 WL 729291, at * 2 (N.D. Ill. Mar. 6, 2012) (preliminarily noting that prevailing defendant improperly included its request for expert witness fees in its request for taxable costs under 18 U.S.C. § 1920 and that "Rule 26(b)(4)(E) allocates expert witness fees to the party seeking discovery and does not allow a party to recover such fees simply because it prevailed"). The same is true in other jurisdictions. *See, e.g., Trepel v. Roadway Express, Inc.*, 266 F.3d 418, 427 (6th Cir. 2001) (holding that Rule 54 did not preclude the prevailing party from obtaining post-judgment reimbursement of its expert witness deposition fees authorized under Rule 26); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995) (noting that Rule 26(b)(4)(E) "provides an independent basis for recovery of expert witness fees as part of discovery"); *Lancaster v. Lord*, No. 90-5843, 1993 WL 97258, at *2 n.9 (S.D.N.Y. Mar. 31, 1993) (allowing post-judgment recovery of expert witness fees pursuant to Rule 26(b)(4)(E)).

A few district courts within the Seventh Circuit, however, have tied a party's recovery of its expert witness fees under Rule 26(b)(4)(E) to Rule 54(d). For example, in *Fairley v. Andrews,* which Defendants rely upon, the district court interpreted *Chambers* as holding that "expert witness fees pursuant [to Rule 26(b)(4)(E)] are recoverable as costs *under* Rule 54(d)." 2008 WL 961592, at *4 (emphasis added.) Similarly, the district court in *Sampson v. Orkin Exterminating Co., Inc.* interpreted *Chambers* as holding that "an expert witness fee due under [Rule 26(b)(4)(E)] could be imposed as a cost *pursuant to* Federal Rule of Civil Procedure 54(d)." 124 F.R.D. 631, 635 (N.D. Ind. 1989) (emphasis added). To the extent these cases

18

suggest that Rule 54(d) in some way limits recovery under Rule 26(b)(4)(E), and thus contradict the interpretation adopted by a majority of the courts in this District, the Court declines to follow such an interpretation.

This does not end the matter, however, as Plaintiff is seeking to recover expert witness fees for two of its experts who were deposed in 2007 pursuant to Rule 26 despite the fact that it is not a prevailing party. Under Rule 26(b)(4), parties may depose an opposing party's expert witnesses under certain circumstances. Fed. R. Civ. P. 26(b)(4)(A), (D). And, pursuant to Rule 26(b)(4)(E), a "court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery[,]" unless "manifest injustice" will result. Fed. R. Civ. P. 26(b)(4)(E). The purpose of the rule "is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *See United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 879 (9th Cir. 1986), *overruled on other grounds as recognized by Ass'n of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541 (9th Cir. 1992), (citing 4 J. Moore, J. Lucas, & G. Grotheer, Jr., Moore's Federal Practice, ¶ 26.66[5] (2d ed. 1984)); *see also* 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2034 (3d ed. 2010). The language of the rule is mandatory, and neither the rule nor the Advisory Committee Notes distinguish between a prevailing party and a losing party. Thus, the plain language of the rule suggests that both prevailing and losing parties are entitled to recover their expert witness fees under Rule 26(b)(4)(E), unless the Court concludes that manifest injustice would result.

While the plain language of Rule 26(b)(4)(E) supports this conclusion, the Court has not found any Seventh Circuit authority, nor has Plaintiff provided any additional authority, directly

19

on point as to whether a *losing party* may request these fees as well. The closest the Seventh

Circuit has come to addressing this issue is in *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940,

943 (7th Cir. 2005). In *Schrott*, the plaintiff filed a state-court action against the defendants, and

eight years of discovery took place before the plaintiff voluntarily withdrew her claims. *Id.* at

942. Soon thereafter, however, the plaintiff re-filed her state law claims and the defendants

removed the case to federal court. *Id.* The district court granted the defendants' motion for

summary judgment and their request for the deposition fees incurred by their experts in the

federal action. *Id.* On appeal, the plaintiff argued that the deposition costs her experts incurred

during the earlier state court action should have been credited against the amount the defendants

were allowed to recover for their expert witness fees. *Id.* The Seventh Circuit upheld the district

court's decision solely on the basis that the costs the plaintiff sought were associated with her

state court action, an entirely independent action from her federal action, and concluded that the

district court had not abused its discretion in imposing the federal costs on plaintiff. *Id.* No

mention was made of the fact that the plaintiff was seeking these costs as a losing party, which

suggests that the plaintiff may have been able to recover her expert witness fees had they arisen

out of the federal action.

Although the Court's own research has not uncovered a district court case within the

Seventh Circuit where expert witness fees under Rule 26(b)(4)(E) were granted to a losing party

after judgment had been entered against the party, a few district courts have noted that such fees

are not limited to a prevailing party. *Nilssen v. Osram Sylvania, Inc.*, No. 01-3585, 2007 WL

257711, at *7 (N.D. Ill. Jan. 23, 2007) (noting that Rule 26(b)(4)(E) "is silent as to awarding

such fees only to a prevailing party," and denying award of fees to losing party as manifestly

unjust); *E.E.O.C. v. Sears, Roebuck and Co.*, 138 F.R.D. 523, 526-27 (N.D. Ill. 1991) (awarding fees following judgment for prevailing party but noting that "Rule 26 applies not only to prevailing parties" and thus the losing party could recover its own fees if it so requested); *see also Barnett*, 1999 WL 138813, at *6 (denying award of expert witness fees to losing party because award would be unjust, and not because requesting party was the losing party).

Courts in other jurisdictions have also allowed a losing party to recover expert witness fees post-judgment pursuant to Rule 26(b)(4)(E). For example, in *Louisiana Power & Light Co.*, the prevailing plaintiff won a jury verdict against several defendants and submitted a petition for costs to the district court that, in addition to attorneys' fees and other taxable costs, sought to recover expert witness fees under Rule 26. 50 F.3d at 323. Two of the losing defendants challenged the plaintiff's request and submitted their own Rule 26 requests. *Id.* The district court granted the prevailing plaintiff's Rule 26 request, while denying the same to the losing defendants. *Id.* On appeal, the Fifth Circuit reversed and remanded the district court's denial of Rule 26(b)(4)(E) costs to the defendants, and applied the losing defendant's recoverable Rule 26(b)(4)(E) expert witness fees as a credit against the costs recoverable by the prevailing plaintiff. *Id.* at 336-37. The Fifth Circuit explained that Rule 26(b)(4)(E) "applies to *both* parties, not just to the prevailing party." *Id.* at 333. Thus, the Fifth Circuit reasoned, the district court erred when it denied the losing defendants' request to recover their own expert witness fees under Rule 26(b)(4)(E) as well. *Id.* Similarly, the Ninth Circuit in *United States v. City of Twin Falls, Idaho*, reasoned that the losing party was entitled to have a district court consider its request for reimbursement of fees under Rule 26(b)(4)(E) and held that the district court had erred in refusing to award the losing party its expert witness fees pursuant to Rule 26(b)(4)(E).

806 F.2d at 879. Finally, in *Lancaster v. Lord*, the district court for the Southern District of New York allowed the plaintiff to recover expert witness fees pursuant to Rule 26(b)(4)(E) after a jury verdict had been entered against her. 1993 WL 97258, at *2. The fact that the plaintiff did not prevail on her claim did not impact the court's decision. These decisions clearly support the Court's conclusion that recovery of expert witness fees under Rule 26(b)(4)(E), even after judgment has been issued, is not limited to prevailing parties.[5] Accordingly, the Court considers both Defendants' and Plaintiff's Rule 26(b)(4)(E) requests.

### B.  Defendants' request for expert witness fees[6]

Defendants seek a total of $13,680.00 in fees submitted by three of their expert witnesses in connection with their depositions: Charles Kuyk, Walter Herbst, and Mark Despres. (R. 484, Defs.' Am. Pet. for Costs at 3-4.) Kuyk, Defendants' damages expert, spent 16 spent preparing

---

[5] Plaintiff appears to raise an argument as to the timeliness of Defendants' request, but fails to develop the point. (R. 488, Pl.'s Objs. at 4.) The Court declines to make a finding as to the timelines a party must adhere to when requesting expert witness fees pursuant to Rule 26(b)(4)(E) as both parties in the instant case, like the prevailing party in *Chambers*, have requested these costs soon after final judgment was entered and in connection with or in response to a petition for costs. 858 F.2d at 354, 361 (request was not untimely where the request for fees was included in the prevailing plaintiff's bill of costs filed within 30 days of the district court's entry of judgment); *cf. La. Power*, 50 F.3d at 336 (finding timely Rule 26(b)(4)(E) costs added nine months after party filed original bill of costs but limiting to the specific circumstances of the case); *see also Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1011 (10th Cir. 1996), *overruled on other grounds as recognized by Pippin v. Burlington Resources Oil and Gas Co.*, 440 F.3d 1186 (10th Cir. 2006) (affirming denial of losing party's request for expert witness fees where request was filed four and one-half months after the district court had entered final judgment).

[6] In a footnote, and without citing to any case law, Plaintiff suggests that in order to recover costs under Rule 26(b)(4)(E), the parties were obligated to meet and confer on the issue beforehand pursuant to Rule 37. (R. 488, Pl.'s Objs. at 4 n.2.) Nothing in the text of either rule supports this conclusion, and none of the cases relied upon by the Court that discuss Rule 26 mentions this as a possible bar to recovering expert witness fees under Rule 26(b)(4)(E). Accordingly, the Court declines to deny Defendants' request for expert witness fees on this basis.

for and attending his deposition, at a rate of $405.00 per hour, for a total of $6,480.00. (*Id.* at 3.) Herbst, Defendants' technical expert, also spent 16 hours preparing for and attending his deposition, at a rate of $300.00 per hour, for total of $4,800.00. (*Id.*) Despres, another technical expert, also spent 16 hours preparing for and attending his deposition, at a rate of $150.00 per hour, for a total of $2,400.00. (*Id.*)

Again, under Rule 26(b)(4)(E), compensating an expert for time spent in responding to discovery is mandatory. Fed. R. Civ. P. 26(b)(4)(E). Additionally, the rule requires that: (1) the costs of the expert not be imposed if doing so will result in manifest injustice; and (2) the expert's fees be reasonable. *Royal Maccabees Life Ins. Co. v. Malachinski*, No. 96-6135, 2001 WL 290308, at *15 (N.D. Ill. Mar. 20, 2001); *see also Gwin v. Am. River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. 2007) ("[B]efore refusing to order a deposing party to pay the other party's expert, the district court must explicitly find either manifest injustice or that the fee was unreasonable."); *City of Twin Falls, Idaho*, 806 F.2d at 880 (remanding to district court with instructions that "absent manifest injustice, the district court should award both the [prevailing party] and [the losing party] their reasonable expert witness fees incurred as a result of the opposing party's discovery depositions")

In general, courts determine the reasonableness of an expert's fee by considering the following factors: (1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party that retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in

23

balancing the interests implicated by Rule 26. *See Royal Maccabees Life Ins. Co.*, 2001 WL 290308, at *16; *McClain*, 1996 WL 650524, at *3. The party seeking reimbursement of their expert witness fees has the burden of demonstrating to the court that the expert's rate and fee are reasonable. *Royal Maccabees*, 2001 WL 290308, at *16. "[I]f the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion in setting the reasonable rate." *Id.*

Here, Plaintiff does not challenge the hourly rate charged by any of Defendants' experts as unreasonable, nor has either party provided any evidence as to the factors mentioned above. Nonetheless, the Court finds that based on the nature and complexity of this patent infringement case and the rates charged by Plaintiff's own experts for similar services ($400.00 and $210.00 per hour), the rates sought by each of Defendants' experts ($150.00, $300.00, and $405.00 per hour) are reasonable. *See Nilssen*, 2007 WL 257711, at *5 (allowing reimbursement for expert fees billed at $400.00 and $450.00 per hour in patent infringement case); *Top Tobacco, L.P. v. N. Atl. Operating Co.*, No. 06-50, 2007 WL 1149220, at *8-9 (N.D. Ill. Apr. 17, 2007) (allowing rates of $495.00 and $500.00 per hour in trademark infringement case); *but see Liquid Dynamics*, 2002 WL 31207212, at *3 (denying rate of $460.00 per hour as unreasonable in patent infringement action where party offered no information regarding expert's area of expertise and awarding instead the rate charged by the opposing party's own expert, $325.00 per hour); *Abrams v. Van Kampen Funds, Inc.*, No. 01-7538, 2006 WL 452419, at *2-3 (N.D. Ill. Feb. 21, 2006) (capping allowable rates at $350.00 per hour for experts in securities class action case where party offered little evidence in support of rate sought); *Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*, 155 F. Supp. 2d 880, 886-87 (N.D. Ill. 2001) (reducing forensic accountant's rate

from $475.00 to $250.00 per hour as more reasonable in breach of contract case); *McClain*, 1996 WL 650524, at *4 (reducing rate from $400.00 to $250.00 per hour for expert in asbestos personal injury and wrongful death case). Thus, the Court will award fees to the Defendants based on Kuyk's rate of $405.00 per hour, Herbst's rate of $300.00 per hour, and Despres' rate of $150.00 per hour.

Although Plaintiff did not contest the hourly rates charged by Defendants' experts, Plaintiff does contest the amount of time Herbst and Despres spent in preparing for and attending their depositions. (R. 488, Pl.'s Objs. at 3.) Specifically, Plaintiff argues that their fees should not be recoverable because their billing statements do not provide an adequate breakdown of the time they actually spent preparing for and attending their depositions. (*Id.*) Defendants admit that Herbst's and Despres' billing statements are not as detailed as Kuyk's, but contend that the amount of time Defendants are seeking to be reimbursed for their experts' services is "very reasonable and conservative." (R. 484 Defs.' Am. Pet. for Costs at 4.)

In general, courts in this District have concluded that, under Rule 26(b)(4)(E), it is reasonable for a party to recover expert witness fees from the opposing party for the time an expert spent both preparing for and attending a deposition conducted by the opposing party.[7] *See LG Elecs. USA, Inc. v. Whirlpool Corp.*, No. 08-0242, 2011 WL 5008425, at *4 (N.D. Ill. Oct. 20, 2011); *Waters*, 526 F. Supp. 2d at 900; *Collins v. Vill. of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill. 1999) (reviewing the mixed authority and deciding that a better reading of Rule

---

[7] Plaintiff briefly mentions in a footnote that there is mixed authority on this issue, but ultimately acknowledges that *Waters v. City of Chicago*, 526 F.Supp.2d 899 (N.D.Ill. 2007), recognizes that the majority view tends towards including expert preparation. (R. 488, Pl.'s Objs. at 3 n.1.)

26(b)(4)(E) allows for recovery of preparation time). To determine whether the expert's preparation time was reasonable, courts in this District "look to the preparation time in relation to the deposition time," and the nature or complexity of a case, to establish a reasonable ratio of preparation time to actual deposition time for the case. *See, e.g., LG Elecs.*, 2011 WL 5008425, at *5 (holding that in a complex litigation case involving a claim of false advertising under the Lanham Act, 15 U.S.C. § 1125(a), a ratio of 3 to 1, preparation to deposition time, is reasonable); *Nilssen*, 2007 WL 257711, at *5 (using a 3 to 1 ratio in a patent infringement case); *Collins*, 197 F.R.D. at 358 (using a 1.5 to 1 ratio in a gender discrimination case). After reviewing the record in this case, the Court finds that the instant patent infringement action, like the suit in *Nilssen*, involved very complex and technical issues. Thus, applying a ratio of up to 3 to 1 for preparation to deposition time is reasonable in these circumstances.

Defendants have included in their amended petition for costs a very detailed billing statement for Kuyk's fees that supports the 16 hours of his services that they seek to be reimbursed for. The relevant entries in Kuyk's billing statement show that he spent at least 7 hours preparing for his deposition during the two days prior to his deposition, and on the day of his deposition he spent 9 hours both preparing for and attending his deposition. (R. 484-2, Defs.' Ex. E at 34-35.) This aligns with Defendants' assertion that each expert spent roughly one day (8 hours) preparing for and one day (8 hours) participating in each of their depositions, for a total of 16 hours in fees per expert. (R. 484, Defs.' Am. Pet. for Costs at 3-4.) Because this falls well within the 3 to 1 preparation to deposition time ratio that the Court has held to be reasonable in this case, and Plaintiff has not disputed Kuyk's fees, the Court awards Defendants the entirety of Kuyk's fees, or $6,480.00.

Plaintiff's objections that Herbst's and Despres' fees are not adequately supported by Defendants' petition are not without merit. Despres' invoice consists of a single line item that describes everything he worked on for the case, beyond just his deposition, totaling 58 hours of work that was billed to Defendants. (R. 484-2, Defs.' Ex. E at 26.) Although Despres' work in preparing for and attending his deposition is not itemized separately, Defendants have only requested to be reimbursed for a total of 16 hours for this work (8 hours for preparation time and 8 hours for actual deposition time). (R. 484, Defs.' Am. Pet. for Costs at 3-4.) Similarly, while Herbst's invoice consists simply of a statement charging Defendants 60 hours "[f]or professional services rendered as an 'expert witness,'" and does not specify the work he performed for the case, (R. 484-2, Defs.' Ex. E at 24), Defendants are only requesting reimbursement for 16 hours of his time. (R. 484, Defs.' Am. Pet. for Costs at 3-4.)

Despite the lack of detail, Plaintiff does not challenge this breakdown as incorrect, nor has Plaintiff offered evidence or even suggested that each expert's deposition lasted for a length of time different than what Defendants have asserted. In general, "[w]here the parties offer little evidence to support their positions, the court may use its discretion in determining the reasonableness of the charged fee." *Liquid Dynamics*, 2002 WL 31207212, at *3 (citing *McClain*, 1996 WL 650524, at *4). Considering that Plaintiff does not dispute Defendants' breakdown of their experts' preparation and deposition times as incorrect, and that 16 hours requested for each expert's deposition preparation and attendance falls well within the 3 to 1 ratio established by the Court, the Court finds the amount of time expended by Herbst and Despres to be reasonable. *See Top Tobacco*, 2007 WL 1149220, at *8 (approving deposition and preparation time on a 2 to 1 basis where times were not itemized and length of expert's

deposition was undisputed).  Accordingly, the Court awards Defendants $4,800.00 in fees for Herbst and $2,400.00 in fees for Despres.

Lastly, Plaintiff does not argue that any manifest injustice will result in reimbursing Defendants for these fees, and the Court finds no manifest injustice in allowing Defendants to recover these fees.  A finding of manifest injustice is rare and is granted only in extreme circumstances.  *See, e.g.*, *Nilssen*, 2007 WL 257711, at *7 (denying as manifestly unjust the reimbursement of expert witness fees to party that was found to have engaged in inequitable conduct in the prosecution of a patent infringement suit); *In re Raymond Prof'l Grp., Inc.*, 420 B.R. 448, 470 (N.D. Ill. 2009) (denying as manifestly unjust the reimbursement of expert's fee to requesting party where deposition was required to clear up confusion caused by requesting party's counsel's misrepresentations of expert's opinions to deposing party); *Barnett*, 1999 WL 138813, at *6 (denying as manifestly unjust losing party's request for expert witness fees in light of the fact that prevailing party withdrew their request for expert witness fees).  As Defendants explain in their amended petition for fees, Defendants retained their experts solely to counter Plaintiff's experts in the case.  (R. 484, Defs.' Am. Pet. for Costs at 3.)  The Court thus finds no basis for barring recovery of these fees on the grounds of manifest injustice and awards Defendants a total of $13,680.00 in expert witness fees.

## C.    Plaintiff's request for expert witness fees

Applying the same standards laid out above, the Court next addresses Plaintiff's request to recover expert witness fees pursuant to Rule 26(b)(4)(E).  Plaintiff requests a total of $19,282.49 in fees submitted by two of its experts: Aron Levko and Robert DiLonardo.  (R. 488, Pl.'s Objs. at 4.)  Levko's fees total $12,000.00 for 30 hours of deposition and preparation time,

billed at $400.00 per hour. (*Id.*) DiLonardo's fees total $7,282.49 and consist of $6,720.00 for 32 hours of deposition and preparation time, billed at $210.00 per hour, plus $562.49 in documented travel expenses for attending the deposition. (*Id.*)

Although Plaintiff, like Defendants, did not submit any additional documentation to support the hourly rates its experts charged, both Levko's and DiLonardo's rates ($400.00 and $210.00 per hour, respectively) are substantially similar to Defendants' experts' rates (ranging from $150.00 and $405.00 per hour). Thus, for the same reasons the Court held Defendants' experts' rates to be reasonable, *supra*, the Court, in the exercise of its discretion, finds that Plaintiff's experts' rates are also reasonable. *Royal Maccabees*, 2001 WL 290308, at *16.

Plaintiff has included detailed billing statements from its experts in support of its requests. With respect to DiLonardo, Plaintiff seeks reimbursement for 32 hours that he billed, as well as travel expenses. (R. 488, Pl.'s Objs. at 4.) Specifically, DiLonardo spent 7 hours attending his deposition and 25 hours preparing for his deposition. (R. 488-1, Pl.'s Ex. B at 11.) This ratio of preparation to deposition time, approximately 4.6 to 1, exceeds the 3 to 1 ratio the Court has determined to be reasonable for this case. Thus, the Court allows Plaintiff to only recover for 21 hours of preparation time for DiLonardo, for a total of 28 hours (21 hours for preparation, plus 7 hours for the deposition). Applying DiLonardo's rate of $210.00 per hour to the 28 hours results in $5,880.00 in fees. In addition, DiLonardo incurred $562.49 in travel expenses for attending his deposition, which are recoverable. *Nilssen*, 2007 WL 257711, at *4. Thus, the Court awards Plaintiff $6,442.49 in fees and expenses for DiLonardo's deposition.

With respect to Levko, Plaintiff seeks reimbursement for 30 hours of his time. (R. 488, Pl.'s Objs. at 4.) As an initial matter, upon the Court's review, Levko's billing entries that

mention "deposition" only add up to 24 hours.  (R. 488-1, Pl.'s Ex. A at 4, 7.)  Those entries that

mention the term "deposition" are listed below:

| Date | Description | Hours |
|------|-------------|-------|
| 1/24/2007 | Deposition Preparation. | 1.0 |
| 1/26/2007 | Deposition Preparation. | 4.0 |
| 1/31/2007 | Deposition Preparation. | 2.0 |
| 2/2/2007 | Deposition transcript review; document review. | 2.0 |
| 2/3/2007 | Deposition transcript review; document review. | 3.0 |
| 2/6/2007 | Deposition preparation and testimony. | 12.0 |
| | **Total Hours:** | 24.0 |

Plaintiff has failed to inform the Court as to the length of time of Leveko's deposition.  In

the absence of this information, the Court, in the exercise of discretion, allows Plaintiff to

recover 7 hours for Levko's deposition–the same amount of time as the deposition for Plaintiff's

other expert, DiLonardo, and treats the remaining 5 hours from February 6th as preparation time.

*Liquid Dynamics*, 2002 WL 31207212, at *3.  With respect to Levko's total preparation time,

Plaintiff fails to provide additional insight into the entries from February 2nd and February 3rd,

when Levko spent time reviewing a deposition transcript, which presumably was not his own

deposition transcript considering that his deposition had yet to take place, and reviewing

documents.  Accordingly, the Court discounts these 5 hours from the amount of time Levko spent

preparing for his own deposition, which yields a total of 12 hours of preparation time that the

Court will allow, and 7 hours of actual deposition time for a grand total of 19 hours.  Applying

the 3 to 1, preparation time to deposition time ratio, the Court finds that the 12 hours of

preparation and 7 hours of deposition time fall within the ratio.  Accordingly, the Court allows

Plaintiff to recover $7,600.00 in fees for Levko (19 hours at $400.00 per hour).

Lastly, the Court finds that there would be no manifest injustice in allowing Plaintiff to recover these fees against Defendants. While Defendants' counterclaims against Plaintiff in this case included a charge of inequitable conduct for pursuing this patent infringement suit against Defendants, unlike the court's finding in *Nilssen*, 2007 WL 257711, at *7-10, Judge Anderson did not make a finding of inequitable conduct by Plaintiff in this case. *Se-Kure*, 2010 WL 2266357, at *1. In addition, allowing Plaintiff to recover these fees fulfills the purposes of Rule 26(b)(4)(E), which is to ensure that a party seeking discovery in the form of a deposition and taking advantage of all of the benefits that flow therefrom does not obtain for free what the other party has paid for. *See* 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2034 (3d ed. 2010); Fed. R. Civ. P. 26(b)(4)(E) advisory committee's note (noting that the information obtained from an expert retained in anticipation of litigation or trial preparation but who is not expected to testify "is of direct value to the discovering party's preparation of his case.").

The fact that Plaintiff is not the prevailing party in this case is, again, irrelevant with respect to the issue of expert witness fees. Thus, finding no manifest injustice against Defendants, Plaintiff shall be awarded a total of $14,042.49 in expert witness fees pursuant to Rule 26(b)(4)(E).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants'
amended petition for costs (R. 484). Defendants' bill of costs, requesting $38,693.77, is reduced
by $20,263.44 ($515.20 (court transcripts) + $3,330.75 (copying costs) + $2,375
(exemplification) + $14,042.49 (expert witness fees credited to Plaintiff)). Defendants are
awarded costs taxable to Plaintiff in the amount of $18,430.33 ($38,693.77 (total costs requested)
- $20,263.44 (total deductions)).

It is this Court's hope that this order will bring this long-pending litigation, which has
been handled by multiple judicial officers, to an end.

**ENTERED:** _____

**Ruben Castillo**
**United States District Judge**

**Date: July 5, 2012**